UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL T. HAYES,

Plaintiff,

v.

IDOC; JAY CHRISTENSEN; TIMOTHY R. McKAY; DAVID E. DIETZ; JULIE DIETZ; TRAVIS TAYLOR; ENRICO BONGIOVI; LT. MADDOX; SGT. BARROWS; DANIEL W. BROWN; and 5 JOHN DOES,

Defendants.

Case No. 1:22-cv-00305-BLW

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Clerk of Court conditionally filed Plaintiff Michael T. Hayes's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice.

## 1. Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity, to determine whether summary

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2. Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). Plaintiff states that he has applied for prison jobs but has been denied such employment. *Compl*., Dkt. 1, at 8–9. Plaintiff contends that he has a right to such employment and that Defendants' failure to provide him with a prison job violates state and federal law. Plaintiff also asserts that prison officials' responses to his grievances on this issue amount to criminal falsification of public records.[2] *Id*. at 17–18.

**3. Discussion**

For the reasons that follow, the Complaint fails to state a claim upon which relief may be granted based on the denial of Plaintiff's requests for prison employment.

***A. Claims under Idaho State Law***

Plaintiff asserts that the denial of prison employment violates his rights under three Idaho state statutes. He contends that Idaho Code § 20-209 grants him the right to prison employment. Plaintiff also contends that two Idaho criminal statutes, §§ 18-7303 and 18-3201, render the denial of prison employment illegal.

[2] In a separate case, Plaintiff is also pursuing Eighth Amendment claims of denial of outdoor recreation. *See Hayes v. IDOC*, No. 1:22-cv-00435-BLW. That action was severed from this case so that Plaintiff's prison employment claims are the sole claims addressed in this case. *See* Dkt. 4.

i. Claims Based on Idaho Code § 20-209(1)

Plaintiff's claims that he has been denied prison employment in violation of § 20-209(1) are implausible. That statute provides, in relevant part, that the Idaho Board of Correction "*may* ... provide for employment of … prisoners housed at a correctional facility." Idaho Code § 20-209(1) (emphasis added). The statute plainly *permits*, but does not *require*, the employment of inmates. *Id*. ("Nothing in this section creates a right to any [prison] employment."). Thus, Plaintiff's claims under § 20-209(1) are implausible and must be dismissed.

ii. Claims Based on Idaho Criminal Statutes: Idaho Code §§ 18-7303 and 18-3201

Plaintiff asserts that, in failing to provide him with a prison job, defendant officials have committed a misdemeanor under Idaho Code § 18-7303.[3] Plaintiff

[3] Section 18-7303 provides:

> Every person shall be guilty of a misdemeanor who denies to any other person because of race, creed, color, sex, or national origin the right to work: (a) by refusing to hire, (b) by discharging, (c) by barring from employment, or (d) by discriminating against such person in compensation or in other terms or conditions of employment; or who denies to any other person because of race, creed, color, sex, or national origin, the full enjoyment of any of the accommodations, advantages, facilities or privileges of any place of public resort, accommodation, assemblage, or amusement, provided, however, that denial of the right to work on the basis of sex shall be permissible in situations where sex is a bona fide occupational qualification reasonably necessary to the normal operation of the business.

also contends that Defendants have committed a felony under Idaho Code § 18-3201.[4]

These claims are implausible for two reasons. First, Plaintiff has no cognizable legal right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Second, to the extent Plaintiff seeks to assert civil claims against Defendants based on § 18-7303 and § 18-3201, the Court concludes that Idaho has not created a private right of action under either criminal statute.

The Idaho Supreme Court has explained the analysis a court must undertake to determine whether a private cause of action exists:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

---

[4] Section 18-3201 provides:

> Any public officer, law enforcement officer, or subordinate thereof, who wilfully destroys, alters, falsifies or commits the theft of the whole or any part of any police report or any record kept as part of the official governmental records of the state or any county or municipality in the state, shall be guilty of a felony and is punishable by imprisonment in the state prison for not more than fourteen (14) years.

*Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (Idaho 1996) (emphasis omitted) (relying on Restatement (Second) of Torts § 874A).

The Idaho Supreme Court held in *Yoakum* that there was no private right of action under certain Idaho criminal statutes. The court relied on the following factors in finding no private right of action: (1) the statutes were intended to protect the general public; (2) the statutes provided for a criminal punishment; (3) there was no indication that the legislature intended to create a private cause of action, and (4) there was no indication that providing an additional civil remedy was necessary to assure the effectiveness of the statutes. *Id.*

Similar reasoning exists here with respect to the state criminal statutes relied on by Plaintiff. As in *Yoakum*, there is no indication that the Idaho Legislature intended to create a private right of action under § 18-7303 or § 18-3201, nor does it appear that an additional civil remedy is necessary to ensure the statutes' effectiveness. Because Idaho has not created a private right of action under § 18-7303 or § 18-3201, Plaintiff's claims based on those statutes are implausible and must be dismissed.

***B. Section 1983 Claims***

Plaintiff also appears to assert due process claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute

proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Fourteenth Amendment to the U.S. Constitution guarantees due process of law. Under the Due Process Clause, the government cannot deprive a person of life, liberty, or property without following the proper procedures for doing do.

The right to procedural due process arises only when a constitutionally protected interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Therefore, courts analyze procedural due process claims in two parts. First, the Court must determine whether the plaintiff possessed a constitutionally protected interest. *See Brown v. Or. Dep't of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014). If not, the inquiry ends. If, however, the plaintiff shows that he had a liberty or property interest of which the government deprived him, the Court must then consider, on a case-by-case basis, whether the plaintiff received the process to which he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 560 (1974).

Liberty interests "may arise from the [federal] Constitution itself, by reason of guarantees implicit in the word 'liberty,'" or they may be created by state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Because prisoners' liberty is necessarily circumscribed as a result of conviction, prisoners have a federal liberty interest only if a change occurs in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v.*

*Conner*, 515 U.S. 472, 484 (1995). For a *state* law to create a protected liberty interest, the law "must contain: (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) (internal quotation marks omitted).

It is well-established that prisoners have no federal liberty interest in prison employment. *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). Additionally, as explained above with respect to Plaintiff's state law claims, Idaho has not created a right to prison employment. *See In Re Ord. Certifying Question to Idaho Supreme Ct*., 469 P.3d 608, 612 (2020) ("[T]he Board [of Correction] controls the limited employment opportunities available to prisoners. Within these limited employment opportunities, prisoners do not maintain a traditional employer-employee relationship with the Board. As such, prisoners do not have a right to ongoing, paid employment."). As a result, Plaintiff's due process claims are implausible and must be dismissed for lack of a cognizable liberty interest.

**4. Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome

by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of the Complaint that, as a matter of law, Petitioner has no legal right to prison employment under either state or federal law and that he has no private right of action under the cited criminal statutes. Therefore, the Court will dismiss the Complaint without leave to amend.

**ORDER**

**IT IS ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: December 2, 2022

B. Lynn Winmill

B. Lynn Winmill
U.S. District Court Judge